In its sole assignment of error, plaintiff-appellant the state of Ohio asserts that the trial court erred in granting defendant-appellee John Wilhelmy's motion to suppress, because the arresting police officer had a reasonable suspicion to stop Wilhelmy on May 1, 1999, for driving a car with a cracked windshield.
When considering a ruling on a motion to suppress evidence, we are bound to accept the trial court's factual findings if they are supported by substantial and credible evidence, but we review the trial court's legal conclusions denovo to decide whether the minimum constitutional requirements have been met.[2] An investigatory stop of a car is lawful under the Fourth Amendment where an officer has a reasonable, articulable suspicion that a motorist is or has recently been engaged in criminal activity.[3] In Ohio, the propriety of an investigative stop must be viewed in the light of the totality of the surrounding circumstances.[4]
Here, the officer testified that the only reason that he stopped Wilhelmy was because of a cracked windshield, which he believed violated R.C. 4513.02. R.C. 4513.02(A) provides that "[n]o person shall drive * * * on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person." Further, R.C. 4513.02(B) provides that a state highway patrol trooper may stop and inspect a car for a safety inspection.
While the observation of a vehicle equipment violation under R.C. 4513.02 may justify an investigative stop in an appropriate case,[5] it did not apply here. The record lacks any evidence supporting a belief that Wilhelmy's windshield, although cracked, posed any threat to personal safety pursuant to R.C.4513.02(A). Further, the state stipulated at trial that the officer, who was not a state highway patrol trooper, was not inspecting Wilhelmy's car under R.C. 4513.02(B). Because R.C.4513.02 did not form the basis for Wilhelmy's detention, and because the officer did not present any other reasonable, articulable basis in law to stop and detain Wilhelmy, we conclude that the trial court properly granted Wilhelmy's motion to suppress.
Accordingly, we overrule the state's assignment of error and affirm the judgment of the trial court.
 ______________________________ GORMAN, PRESIDING JUDGE
 PAINTER and SUNDERMANN, JJ.
[2] See State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141; State v. Yett (Mar. 12, 1999), Hamilton App. No. C-980435, unreported.
[3] See Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391;Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[4] See State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, citing with approval State v.Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044, paragraph one of the syllabus.
[5] See State v. Myers (1990), 63 Ohio App.3d 765, 580 N.E.2d 61;State v. Goins (May 24, 1996), Ross App. No. 95CA2106, unreported; State v. Imboden (Nov. 16, 1993), Ross App. No. 92CA1901, unreported.